IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

STEVEN ALLEN DEGRAFF,

    Plaintiff,

v.                                                      Case No. 20-cv-1202 MV-GBW

LEMUEL L. MARTINEZ,

    Defendant.

### MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff Steven Allen DeGraff's Prisoner Civil Rights Complaint (Doc. 1). Plaintiff is incarcerated, *pro se*, and proceeding *in forma pauperis*. He asserts 42 U.S.C. § 1983 claims against the prosecutor in his state criminal case. Having reviewed the matter *sua sponte* under 28 U.S.C. § 1915(e), the Court concludes that relief is barred as a matter of law. The Court will dismiss the civil Complaint without prejudice to his filing of a habeas proceeding.

**Background**[1]

    Plaintiff is incarcerated at the Lea County Correctional Facility ("LCCF"). He raises claims against Lemuel Martinez, the District Attorney who prosecuted his state murder case. *See* Doc. 1 at 1. Plaintiff appears to allege that Martinez is withholding evidence about the termination of Sandoval County Sheriff Detectives Jesus Roybal and Steve Reynolds. *Id.* at 2, 5. Plaintiff contends that they were fired for framing fellow inmate Greg Archibeque, although it does not appear that Archibeque's conviction has been vacated on that basis. *Id.* at 3. Archibeque "currently

---

[1] For purposes of this ruling, the Court assumes the truth of the facts in the Complaint (Doc. 1).

lives 5 cells away from" Plaintiff. *Id.* In any event, Plaintiff contends that Martinez committed a *Brady* violation by failing to provide discovery on the termination of the detectives. *Id.* Plaintiff believes that by not disclosing the detectives' "impeachable offenses" when Martinez offered a plea agreement, and by using a "fake" DNA test that misidentified his parents, Martinez coerced Plaintiff to confess to murder. *Id.* at 4. Plaintiff further alleges that the Sandoval County evidence freezer experienced a power outage at some point, which possibly compromised samples. *Id.* Martinez refuses to answer public records requests or provide discovery regarding the evidence freezer or the terminated detectives. *Id.* at 4. Plaintiff contends that his guilty plea is involuntary and that Martinez failed to honor the agreement. *Id.*

The Complaint raises claims against Martinez under 42 U.S.C. § 1983, alleging violations of the First, Fifth, and Fourteenth Amendments. *See* Doc. 1 at 2-5. However, the Request for Relief appears to invoke 28 U.S.C. § 2254, rather than a civil action. Plaintiff requests "redress, [a] *Martinez* report, post-conviction remedy, permission to submit habeas corpus petition if needed," and discovery in the state criminal case. *Id.* at 6. Based on this request, the Clerk's Office mailed Plaintiff a form § 2254 petition on March 25, 2021. He did not return a completed form. On June 24, 2021, the Court entered an Order explaining that to attack the validity of his state convictions, Plaintiff must file a § 2254 petition. *See* Doc. 3. The Order warned that if Plaintiff declined to timely amend, the Court would limit its review to the § 1983 claims against Martinez.

Plaintiff filed a response on August 26, 2021 objecting to any recharacterization under § 2254. *See* Doc. 7. He clarifies that this case was intended as a civil action to "gain the evidence Defendant Lemuel L. Martinez refuses to supply" in state court and/or under the "Rules of Evidence, *i.e.,* Discovery." *Id.* Plaintiff obtained leave to proceed *in forma pauperis,* and his civil

2

claims against Martinez are ready for initial review.

**Standards Governing Initial Review**

Section 1915(e) of Title 28 requires the Court to conduct a *sua sponte* review of all *in forma pauperis* complaints. The Court must dismiss any inmate complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court may also dismiss a complaint *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) (quotations omitted). The plaintiff must frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110. While *pro se* pleadings are judged by the same legal standards that apply to represented litigants, the Court can overlook the "failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." *Id.*

**Analysis**

The Complaint raises civil rights claims under 42 U.S.C. § 1983 against state prosecutor Martinez. Prosecutors are absolutely immune from suit under § 1983 where their challenged

3

activities are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Absolute immunity thus applies to initiating a prosecution, presenting the State's case, evaluating evidence, determining whether probable cause exists, and "plea bargaining." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1492 (10th Cir. 1991). The Tenth Circuit has specifically held that prosecutorial immunity applies where, as here, the state prosecutor allegedly committed a *Brady* violation. *See Powell v. Spear,* 6 F. App'x 739, 741 (10th Cir. 2001) ("A prosecutor's withholding of evidence is an action 'intimately associated' with the judicial process," such that immunity attaches). Under this precedent, Martinez is absolutely immune from suit for his alleged withholding of evidence.

Alternatively, the requested relief is barred under *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* held that the Federal Court must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of an existing conviction or sentence. *Id.* at 487. The doctrine has been extended to bar other types of relief "when the concerns underlying *Heck* exist," including "those claims that would necessarily imply the invalidity of [the] conviction." *Beck v. Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying Heck to claims for declaratory relief). For example, the Tenth Circuit has barred a request for injunctive relief where the allegations addressed false arrest and imprisonment and where the plaintiff's conviction had not been overturned. *See, e.g., Lawson v. Engleman,* 67 F. App'x 524, 526 n.2 (10th Cir. 2003). Ordering Martinez to produce records on the ground that he hid evidence and coerced Plaintiff to plead guilty would clearly imply that the existing state criminal judgment is invalid. Accordingly, the Complaint is subject to dismissal under *Heck*.

To the extent that Plaintiff seeks discovery from Martinez more generally, and outside the framework of § 1983, no relief is available.  Federal courts generally lack "jurisdiction to resolve discovery disputes between states and their citizens." *Jimenez v. Fourth Jud. Dist. Attorney's Off.*, 663 F. App'x 584, 586 (10th Cir. 2016).  Districts courts are free to decline to order relief where, as here, the plaintiff is not seeking habeas relief and the civil complaint fails to show that any "federal rights have been violated." *Id.* at 587.  *See also United States v. Tinajero-Porras,* 304 F. App'x 754, 757 (10th Cir. 2008) (addressing mandamus relief and noting Federal Courts lack jurisdiction to compel production of documents from a respondent who is "not an officer or employee of the United States").  And, to the extent that Plaintiff seeks information under "the federal Freedom of Information Act (FOIA)," that statute does "not apply to his request for documentation from [state] officials." *Jimenez*, 663 F. App'x at 587.  The Court therefore declines to order discovery in this case and will dismiss the Complaint for failure to state a cognizable claim.

**The Court Declines to *Sua Sponte* Invite an Amendment**

Having determined that the Complaint must be dismissed, the Court will *sua sponte* consider whether to invite Plaintiff to amend the pleading.  *See Hall*, 935 F.2d at 1110.  *Pro se* prisoners should normally be given an opportunity to remedy defects in their pleadings.  *Id.* However, courts need not order an amendment when any amended claims would also be subject to immediate dismissal under Rule 12(b)(6) or 28 U.S.C. § 1915.  *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).  As a matter of law, Plaintiff cannot maintain a civil suit against the prosecutor in his state criminal case, and this Court cannot order discovery in the state proceeding.  The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint with prejudice.  Plaintiff's best course of action going forward is to file a 28 U.S.C. §

2254 petition challenging his state convictions. Plaintiff may file the federal action after he has exhausted state remedies (*i.e.,* filed either a direct appeal or a habeas proceeding in state court). This ruling is limited to civil claims against Martinez and has no impact on any federal § 2254 proceeding.

**IT IS ORDERED** that Plaintiff's Civil Rights Complaint (**Doc. 1**) is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e); and the Court will enter a separate judgment closing the civil case.

_____
HONORABLE MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE